J. C. & J. D. LANIER vs. ADAMS, THORNE & COMPANY.

Where a bill to enjoin the levy of a mortgage *fi. fa.* on certain goods alleged that the goods covered by the mortgage had been destroyed by fire, and that the stock against which the *fi. fa.* was proceeding was not covered by the mortgage, and the affidavits submitted showed that the present stock was not entirely covered by the mortgage, if any part thereof was so covered, the chancellor should have granted an injunction until the final hearing.

November 20, 1883.

Injunction. Before Judge FAIN. Bartow County. At Chambers. July 23, 1883.

Reported in the decision.

v 72-11

AKIN & AKIN, for plaintiffs in error.

A. M. FOUTE ; C. D. McCUTCHEN, for defendants.

BLANDFORD, Justice.

The bill in this case sought to restrain and enjoin de-fendants from levying a certain mortgage *fi. fa.* upon cer-tain goods in the plaintiffs' possession, because it was alleged that the stock of goods covered by befendants' mortgage had been destroyed by fire, and that the goods which defendants were seeking to have levied on were not embraced in the mortgage. The chancellor refused the injunction, and complainants excepted, and now seek a re-versal of that decree.

From the affidavits submitted by the parties to this case at the hearing for injunction, the allegations in plaintiffs' bill are well sustained, and it is not here contended that there were more than five hundred dollars' worth of the goods covered by the mortgage saved from the burning by the defendants in error. And, on the other hand, it is contended by plaintiffs that these goods which were saved were not mortgaged to defendants, but were goods stored in a certain warehouse, and not the store-house of plaintiffs, and that none of the goods in the warehouse were mortgaged, but only the goods in the store-house, and the evidence submitted by plaintiffs seems to look this way; at all events, the same is so strong as to have re-quired the chancellor to have granted the injunction prayed for in this case. It is not insisted upon the part of defendants in error before us but that equity has jurisdic-tion in this case. No harm can be done by the grant of an injunction in this case, and at the final hearing of the cause, a jury can pass upon all issues of facts, after hearing the evidence adduced by the parties.

Judgment reversed.